James W. Vance Boynton Beach City Attorney Palm Beach
QUESTION:
Do the provisions of Ch. 79-391, Laws of Florida, require the supervisor of a subordinate municipal officer who has applied for a leave of absence in order to qualify as a candidate for another, office to grant that request, or may the requesting officer's supervisor deny that request?
SUMMARY:
Unless legislatively clarified or judicially determined to the contrary, the supervisor of a subordinate municipal officer who has applied for a leave of absence in order to run for another public office is not required by the provisions of the Resign-to-Run Law, as amended, to grant that request.
Your inquiry necessarily involves an application of the provisions of Florida's Resign-to-Run Law, s. 99.012, F. S., as amended by Ch. 79-391, Laws of Florida. Prior to its amendment in 1979, the Resign-to-Run Law required any officer who desired to qualify as a candidate for another office, the term of which overlapped or ran concurrently with the term of the office he presently held, to submit, at least 10 days prior to the first day on which he could qualify for the office sought, a letter of prospective resignation, resigning from the office he currently held. Chapter 79-391 amended the Resign-to-Run Law by adding a new subsection (7) which provides as follows:
 (7) For the purposes of this section, no individual who is a subordinate personnel, deputy sheriff, or police officer need resign pursuant to subsection (2) or subsection (3) unless such individual is seeking to qualify for a public office which is currently held by an individual who has the authority to appoint, employ, promote, or otherwise supervise that subordinate personnel, deputy sheriff, or police officer and who has qualified as a candidate for reelection to that public office. However, any such personnel, deputy sheriff, police officer, or other such individual shall take a leave of absence without pay from his employment during the period in which he is seeking election to public office.
Under the provisions of this subsection, a subordinate personnel, deputy sheriff, or police officer now need resign only when he seeks to run against his supervisor. Otherwise, provided he takes a leave of absence without pay during the period in which he is seeking election to the other office, a subordinate personnel, deputy sheriff, or police officer may qualify as a candidate for another office without resigning from the office he currently holds. See AGO 079-81.
It is this provision involving a leave of absence for certain enumerated officers in place of the usual resign-to-run requirement that concerns you. As you pointed out in your letter, there may be circumstances which would cause such an officer's supervisor to conclude that it would be impractical to grant a leave of absence. For example, it might be difficult to fill the vacant position on a temporary basis and, at the same time, impractical to attempt to operate the department with an undersized staff. In such a situation, you wonder whether the officer's supervisor would be able to deny the request for a leave of absence or whether the provisions of Ch. 79-391, Laws of Florida, operate to mandate that the request be granted.
It must be admitted that, in the absence of some statutory provision, municipalities have the right to determine what their leave policies will be. Section 2(b), Art. VIII, State Const., and s. 166.021, F. S. The question you have posed, then, becomes whether Ch. 79-391, Laws of Florida, evidences a clear legislative intent to abrogate this authority when a municipal officer designated in that law has applied for a leave of absence in order to run for public office. I cannot say that this amendment to the Resign-to-Run Law has that effect. In fact, the law does not even speak to that issue; and, unless such in intent to curtail a municipal power is clear on the face of the legislation, I must be slow to find it by implication. Consequently, I must conclude that the provisions of Ch. 79-391 do not mandate that the supervisor of a municipal officer who has requested a leave of absence in order to run for another public office must grant that request.
I feel that I must point out that this opinion does not go so far as to determine whether an officer who has requested a leave of absence to run for another public office and who has had that request denied must then submit a prospective letter of resignation before he can qualify as a candidate for public office. It is clear that the statute at least allows certain officers to request a leave of absence; and, while it does not appear from the terms of the law itself that such a request must be granted, the course to be taken following a refusal is not spelled out in the statute. Furthermore, determination of whether such a denial was arbitrary and capricious or in good faith and the consequences of such a decision are judicial questions and, as such, may not be decided by this office.
In conclusion, unless legislatively clarified or judicially determined to the contrary, I am of the opinion that the supervisor of a subordinate municipal officer who has applied for a leave of absence in order to run for another public office is not required by the provisions of the Resign-to-Run Law, as amended, to grant that request.
Prepared by:
Percy W. Mallison, Jr. Assistant Attorney General